# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| BARBARA KURLEY, | ) |
| Plaintiff, | ) No. 07 C 3604 |
| v. | ) Judge John W. Darrah |
| CCS Employee Benefits VEBA, Inc., | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Barbara Kurley, filed a Petition for Issuance of Citation against Defendant, CCS Employee Benefits VEBA, Inc. ("CCS VEBA"), sponsor of an employee benefits plan (the "Plan"), alleging claims that she has been wrongfully denied certain benefits under the Plan and seeking the production of documents and records related to the Plan. Originally filed in the Circuit Court of the Sixteenth Judicial Circuit of Illinois, Kane County, this matter was subsequently removed to this Court. Presently pending before the Court is CCS VEBA's Motion to Dismiss. No response has been filed.

## BACKGROUND

A reading of Plaintiff's Petition for Issuance of Citation supports the following summary of the alleged conduct of the parties.

On or about November 30, 2004, Kurley was severely injured in an automobile accident. As a result, Kurley is now incapacitated and residing in a nursing home, where she receives care and medications. CCS VEBA provides medical coverage under the COBRA plan for Kurley's care and medications. On or about August 17, 2006, Kurley's Guardian, Christine Adelman, was ordered to pay a premium of $6,844.14 to CCS VEBA in exchange for Defendant's coverage of care and

medications Kurley received from December 1, 2004 through May 31, 2006. Adelman submitted this amount to CCS VEBA on August 25, 2006, by way of a cashier's check. After engaging in unsuccessful negotiations over the terms of the Plan, CCS VEBA returned the check to Adelman's counsel. CCS VEBA made no payments for Kurley's care or medical charges, and Kurley filed the instant Petition.

## ANALYSIS

In ruling on a motion to dismiss, the court must accept as true all well-pleaded factual allegations and draw reasonable inferences in favor of the plaintiff. *Sprint Spectrum L.P. v. City of Carmel, Ind.*, 361 F.3d 998, 1001 (7th Cir. 2004) (*Sprint*). Federal Rule of Civil Procedure 8(a)(2) requires that the complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." To meet Rule 8(a)(2)'s requirements "the complaint must describe the claim in sufficient detail to give the defendant 'fair notice of what the . . . claim is and the grounds upon which it rests.' *Bell Atlantic Corp. v. Twombly*, __ U.S. __, __, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)) (alteration in *Bell Atlantic*). Second, its allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'; if they do not, the plaintiff pleads itself out of court. *Bell Atlantic*, 127 S. Ct. at 1965, 1973 n. 14." *E.E.O.C. v. Concentra Health Serv., Inc.*, __ F.3d __, __ (7th Cir. 2007), 2007 WL 2215764 (7th Cir. Aug. 3, 2007).

The Employee Retirement Income Security Act of 1974 ("ERISA") provides Kurley the right to bring a civil action in order to recover her benefits. 29 U.S.C. § 1132. ERISA also, however, preempts certain claims and limits the ways a plaintiff can attempt to recover damages.

ERISA claims will usually preempt any state-law claims that seek benefits under an ERISA plan as a remedy. 29 U.S.C. §1144(a). Generally, if the state-law claim is specifically related to the ERISA plan, ERISA will preempt the claim. If the existence of an ERISA plan is a critical factor in establishing liability under state law, the state-law claim relates to an ERISA plan and is preempted. *See Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 139-40 (1990).

Kurley is attempting to bring her petition under state law. Without the ERISA plan issued to Kurley, there simply would be no grounds for a petition seeking documents, records, or benefits under the Plan. Therefore, Kurley's state-law claims are preempted.

Furthermore, ERISA provides a beneficiary the right to bring a civil action in order to recover benefits but requires a beneficiary to exhaust all administrative remedies available under the ERISA-governed plan prior to filing a claim in this, or any other, court. 29 U.S.C. 1133; *see also Zhou v. Guardian Life Insurance Co. of Am.*, 295 F.3d 677, 678 (7th Cir. 2002).

Additionally, ERISA provides a procedure by which a beneficiary of an ERISA plan may request documents and records related to coverage and benefits. *See* 29 U.S.C. 1023-1025. Should the plan administrator fail to comply with a proper request, ERISA gives a beneficiary the right to bring a civil action to compel production of the requested documents and records. 29 U.S.C. § 1132(a)(1)(A).

Claims seeking benefits, documents and records under an ERISA-governed plan also fall squarely under ERISA. As such, Kurley's action under state law is preempted.

## CONCLUSION

For the foregoing reasons, CCS VEBA's Motion to Dismiss is granted; and Kurley's Petition for Issuance of Citation is dismissed with prejudice.

Dated: September 26, 2007

JOHN W. DARRAH
United States District Court Judge